**FILED**

July 13, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____NM_____
DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

JESUS OLAGUER VAZQUEZ-ESPINOZA,

Petitioner,

v.

TODD BLANCHE *et al.*,

Respondents.

§
§
§
§
§
§
§
§
§
§
§
§

NO. SA-26-CV-02364-OLG

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Jesus Olaguer Vazquez-Espinoza's Petition for Writ of Habeas Corpus (Dkt. No. 1). Respondents have responded (Dkt. No. 5), and Petitioner has replied (Dkt. No. 6). Upon review, the Court finds that the Petition must be denied for the reasons below.

Based on the record, Petitioner is a citizen of Mexico who was issued a nonimmigrant visa on September 25, 2001, and overstayed. (Dkt. No. 1 at 4; Dkt. No. 5 at 4.) He was arrested for petty theft on February 11, 2026, and then transferred to ICE custody; his Notice to Appear charged him with being removable pursuant to 8 U.S.C. § 1227(a)(1)(B) for overstaying his visa. (Dkt. No. 1 at 4; Dkt. No. 1-2 at 1; Dkt. No. 5 at 4.) On April 7, 2026, Petitioner received the bond hearing to which he is statutorily entitled pursuant to 8 U.S.C. § 1226(a) as a visa overstay. (*See* Dkt. No. 1-3 at 1.) The immigration judge (IJ) denied bond, finding that Petitioner "is subject to mandatory detention" under the Laken Riley Act, *see* 8 U.S.C. § 1226(c), based on his arrest. (*Id.*)

Petitioner initiated this action on April 10, 2026, seeking an order compelling his immediate release. (Dkt. No. 1 at 5.)

District courts have jurisdiction to grant a writ of habeas corpus if a petitioner proves that he is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c); *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025). "[B]ecause the habeas proceeding

is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* at 696–97 (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)). "A court considering a habeas petition must 'determine the facts . . . and dispose of the matter as law and justice require.'" *Id.* at 697 (quoting 28 U.S.C. § 2243).

Petitioner first contends that he is entitled to relief on the grounds that § 1226(c) applies only to noncitizens who have been charged with or convicted of specific qualifying offenses. (Dkt. No. 1 at 5.) He is mistaken. As the IJ's order provides, the Laken Riley Act applies to any noncitizen who "is charged with, is *arrested for*, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any . . . *theft*." (Dkt. No. 1-3 at 1 (emphasis added)); *see* 8 U.S.C. § 1226(c)(1)(E)(ii). He next contends that his detention violates due process because he "is being detained without a bond hearing." (Dkt. No. 1 at 5.) Petitioner's own exhibits establish otherwise. (*See, e.g.*, Dkt. No. 1-3 at 1; Dkt. No. 1-2.) Accordingly, the Court cannot find that Petitioner's detention violates the INA or his right to due process.

Based on the foregoing, Petitioner Jesus Olaguer Vazquez-Espinoza's Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DENIED**, and his Motion to Expedite (Dkt. No. 9) is **DISMISSED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to **CLOSE** this case upon the entry of this Order.

**SIGNED** on July ___13___, 2026.

ORLANDO L. GARCIA
United States District Judge

2